Rollins, S.
—-If this proceeding is to be treated as proceeding under section 2706 of the Code of Civil Procedure, the respondent is correct in claiming that it must be dismissed in view of the allegations in the eighth clause^ of his amended answer. It must none the less be dismissed, if the petitioner is here seeking relief under section 2606. By virtue of that section, as I have repeatedly declared,
*443 A., the executor or administrator of a decedent, B., which decedent was in his life-time the executor or administrator of another decedent, C., may be required, at the instance of any person interested in C.’s estate, to account for B.’s administration thereof, and may also be compelled to deliver to B.’s successor in such administration, any of the trust property, of C.’s estate, that may have come to his (A.’s) possession, or under his control.
Now the prayer of the petition herein is as follows:
“That Cyrus A. Healey, as executor of the last will and testament of John A. Livingston, deceased, heretofore administrator of the goods, chattels and credits, which were of Lucien D. Coman, deceased, account for and deliver over any and all personal property, and all books, records, letters and. other memoranda, which came into his possession as executor, as aforesaid, or has since come into his possession or under his control.
It will be observed that Healey is not asked to account for Livingstons administration of the Coman estate, and is not asked to deliver any property of the Coman estate, of which he (Healey) may be possessed.
There is, to be sure, a description of Livingston, as a person, who had in his life-time, been administrator of the Coman estate, but these merely descriptive words are no more to the purpose, than words describing Livingston as a member of the Baptist church or of the democratic party.
Petition dismissed.